FILED by \_\_\_MM\_\_\_ D.C.

Jul 15, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**22-60159-CR-DIMITROULEAS/HUNT**

Case No. _____

18 U.S.C. § 1349
18 U.S.C. § 982(a)(7)

**UNITED STATES OF AMERICA**

vs.

**JEREMY KLEIN,**

      **Defendant.**

_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

#### The Medicare Program

1. The Medicare Program ("Medicare") was a federal health care program that provided free or below-cost health care benefits to individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services ("HHS"), through its agency the Centers for Medicare and Medicaid Services ("CMS"), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2. Medicare was subdivided into multiple program "parts." Medicare "Part A" covered, among others, health services provided by hospitals. Medicare "Part B" covered, among other things, medical items and services provided by physicians, medical clinics, laboratories, and other

qualified health care providers. Medicare "Part D" covered or subsidized the costs of prescription drugs for Medicare beneficiaries in the United States.

3. To receive Medicare Part D benefits, a beneficiary enrolled in a Medicare drug plan. Medicare drug plans were operated by private health insurance companies approved by Medicare. Those companies were often referred to as Medicare drug plan "sponsors." A beneficiary in a Medicare drug plan could fill a prescription at a pharmacy and use his or her plan to pay for some or all of the cost of the prescription.

4. Medicare and Medicare drug plan sponsors were "health care benefit program[s]," as defined by Title 18, United States Code, Section 24(b).

5. A pharmacy could participate in Medicare Part D by entering into a retail network agreement with one or more Pharmacy Benefit Managers ("PBMs"). A PBM acted on behalf of one or more Medicare drug plans. Through a plan's PBM, a pharmacy could join the plan's network. When a Part D beneficiary presented a prescription to a pharmacy, the pharmacy submitted a claim either directly to the Medicare drug plan sponsor or to a PBM that represented the beneficiary's Medicare drug plan. The Medicare drug plan sponsor or PBM determined whether the pharmacy was entitled to payment for each claim and periodically paid the pharmacy for outstanding claims. The Medicare drug plan sponsor reimbursed the PBM for its payments to the pharmacy.

6. A pharmacy could also submit claims to a Medicare drug plan sponsor whose network the pharmacy did not belong to. The submission of such out-of-network claims was not common and often resulted in smaller payments to the pharmacy by the Medicare drug plan sponsor.

7. Medicare, through CMS, compensated the Medicare drug plan sponsors. Medicare paid the sponsors a monthly fee for each Medicare beneficiary of the sponsors' plans. Such payments were called capitation fees. The capitation fee was adjusted periodically based on various

factors, including the beneficiary's medical conditions. In addition, in some cases where a sponsor's expenses for a beneficiary's prescription drugs exceeded that beneficiary's capitation fee, Medicare reimbursed the sponsor for a portion of those additional expenses.

### The Defendant and Related Entities

8. Xpresso Pharmacy Inc. ("Xpresso Pharmacy") was a Florida corporation with its listed place of business in Broward County, in the Southern District of Florida.

9. BOH Pharmacy Group LLC ("BOH Pharmacy") was a limited liability company organized under the laws of the State of Tennessee.

10. Defendant **JEREMY KLEIN**, a resident of Palm Beach County, was a beneficial owner of Xpresso Pharmacy and BOH Pharmacy.

### Conspiracy to Commit Health Care Fraud
### (18 U.S.C. § 1349)

From in or around January 2019, and continuing through in or around June 2021, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**JEREMY KLEIN,**

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate, and agree with others, known and unknown to the United States Attorney, to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare and Medicare drug plan sponsors, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

### Purpose of the Conspiracy

11. It was a purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things: (a) paying kickbacks and bribes to telemedicine companies in exchange for prescriptions bearing physicians' signatures; (b) submitting and causing the submission of false and fraudulent claims to Medicare and Medicare drug plan sponsors through Xpresso Pharmacy and BOH Pharmacy for prescription medications that were not medically necessary and not eligible for reimbursement; (c) concealing and causing the concealment of false and fraudulent claims to Medicare and Medicare drug plan sponsors; and (d) diverting fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud.

### Manner and Means

The manner and means by which the defendant and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

12. **JEREMY KLEIN** and his co-conspirators acquired and operated Xpresso Pharmacy and BOH Pharmacy.

13. **JEREMY KLEIN** and his co-conspirators signed retail network agreements with various Medicare drug plan sponsors on behalf of Xpresso Pharmacy and BOH Pharmacy. By entering into these agreements, **KLEIN** and his co-conspirators promised that Xpresso Pharmacy and BOH Pharmacy would, among other things, comply with federal laws regarding the dispensing of prescription drugs.

14. **JEREMY KLEIN** and his co-conspirators purchased "patient leads," or lists containing the personally identifiable information, such as names and telephone numbers, for Medicare beneficiaries.

15. **JEREMY KLEIN** and his co-conspirators used call centers to contact these Medicare beneficiaries to encourage them to accept prescriptions for certain pre-selected, highly

reimbursable medications, without regard to the actual medical necessity of those prescription medications.

16. **JEREMY KLEIN** and his co-conspirators paid kickbacks and bribes to telemedicine companies to obtain prescriptions bearing physicians' signatures for those Medicare beneficiaries that **KLEIN** and his co-conspirators had previously contacted through the call centers.

17. **JEREMY KLEIN** and his co-conspirators submitted and caused to be submitted false and fraudulent claims to Medicare and Medicare drug plan sponsors through Xpresso Pharmacy and BOH Pharmacy for prescription medications that were procured through kickbacks and bribes, not medically necessary, and not eligible for reimbursement.

18. As a result of such false and fraudulent claims, Medicare and Medicare drug plan sponsors, through their PBMs, made approximately $6.1 million in payments to Xpresso Pharmacy and BOH Pharmacy that were funded by Medicare.

19. **JEREMY KLEIN** and his co-conspirators diverted fraud proceeds from the scheme for their personal use and benefit, the use and benefit of others, and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE
### (18 U.S.C. § 982(a)(7))

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **JEREMY KLEIN**, has an interest.

2. Upon conviction of a conspiracy to commit health care fraud, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(7).

3. The property subject to forfeiture as a result of the alleged offense includes, but is not limited to, a sum of approximately $3,058,441, which represents the total amount of gross proceeds traceable to the violation of Title 18, United States Code, Section 1349 alleged in the Information and which may be sought as a forfeiture money judgment.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

LORINDA I. LARYEA, ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUCTICE

ALEXANDER THOR POGOZELSKI
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.:

v.

JEREMY KLEIN,

_____/
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

**Court Division** (select one)
- ☐ Miami
- ☐ Key West
- ☐ FTP
- ☑ FTL
- ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect:

4. This case will take 0 days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)            (Check only one)
   I   ☑ 0 to 5 days           ☐ Petty
   II  ☐ 6 to 10 days          ☐ Minor
   III ☐ 11 to 20 days         ☐ Misdemeanor
   IV  ☐ 21 to 60 days         ☑ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge                Case No.
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No.
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge                Case No.
9. Defendant(s) in federal custody as of
10. Defendant(s) in state custody as of
11. Rule 20 from the            District of
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____
ALEXANDER THOR POGOZELSKI
DOJ Trial Attorney
Court ID No.    A5502549

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** _____ **JEREMY KLEIN** _____

**Case No:** _____

Count #:  1

  Title 18, United States Code, Section 1349  _____

  Conspiracy to Commit Health Care Fraud  _____
\* **Max. Term of Imprisonment:**   10 years
\* **Mandatory Min. Term of Imprisonment (if applicable):**   N/A
\* **Max. Supervised Release:**   3 years
\* **Max. Fine:**   $250,000 or twice the gross gain or loss from the offense

\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 83 (Rev. 06/09) Summons in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
|  | ) Case No. |
| Jeremy Klein, | ) |
| Defendant | ) |

## SUMMONS IN A CRIMINAL CASE

**YOU ARE SUMMONED** to appear before the United States district court at the time, date, and place set forth below to answer to one or more offenses or violations based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☑ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of Court

| Place: | 299 East Broward Boulevard<br>Ft. Lauderdale, FL 33301 | Courtroom No.: | MJ Valle, Room 403 |
|---|---|---|---|
|  |  | Date and Time: | August 10, 11:00 am |

This offense is briefly described as follows:
Conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349

Date: _____

_____
*Issuing officer's signature*

_____
*Printed name and title*

---

I declare under penalty of perjury that I have:

☐ Executed and returned this summons      ☐ Returned this summons unexecuted

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

AO 83 (Rev. 06/09)  Summons in a Criminal Case (Page 2)

Case No.

**This second page contains personal identifiers and therefore should
not be filed in court with the summons unless under seal.**
*(Not for Public Disclosure)*

**INFORMATION FOR SERVICE**

Name of defendant/offender: _____

Last known residence: _____

_____

Usual place of abode *(if different from residence address):* _____

_____

If the defendant is an organization, name(s) and address(es) of officer(s) or agent(s) legally authorized to receive service of process: _____

_____

If the defendant is an organization, last known address within the district or principal place of business elsewhere in the United States: _____

_____

**PROOF OF SERVICE**

This summons was received by me on *(date)* _____.

☐ I personally served the summons on this defendant _____ at *(place)* _____ on *(date)* _____ ; or

☐ On *(date)* _____ I left the summons at the individual's residence or usual place of abode with *(name)* _____ , a person of suitable age and discretion who resides there, and I mailed a copy to the individual's last known address; or

☐ I delivered a copy of the summons to *(name of individual)* _____ , who is authorized to receive service of process on behalf of *(name of organization)* _____ on *(date)* _____ and I mailed a copy to the organizations's last known address within the district or to its principal place of business elsewhere in the United States; or

☐ The summons was returned unexecuted because: _____

_____.

I declare under penalty of perjury that this information is true.

Date returned: _____

_____
*Server's signature*

_____
*Printed name and title*

Remarks:

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| | ) | |
| Jeremy Klein, | ) | |
| *Defendant* | ) | |

**WAIVER OF AN INDICTMENT**

    I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

    After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

ROBERT B. RESNICK, ESQ.
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*