UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-60159-DIMITROULEAS

UNITED STATES OF AMERICA,

vs.

JEREMY KLEIN,

    Defendant.
_____/

### UNITED STATES OF AMERICA'S UNOPPOSED MOTION FOR PRELIMINARY ORDER OF FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(7), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, hereby moves this Honorable Court for the entry of a Preliminary Order of Forfeiture against Defendant Jeremy Klein (the "Defendant") in the above-captioned case. The United States seeks the entry of a forfeiture money judgment against the Defendant in the amount of $3,058,441.00. In support of this motion, the United States provides the attached Declaration of Special Agent Eric Petersen of the Federal Bureau of Investigation ("FBI") and the following factual and legal bases.

**I.    BACKGROUND**

1.    On July 18, 2022, the United States filed a one-count Information, which charged the Defendant with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349. *See* Information, ECF No. 1. The Information also contained forfeiture allegations. *See id.* at 5-6.

2.    On August 31, 2022, the Court accepted the Defendant's guilty plea to Count 1 of the Information. *See* Minute Entry, ECF No. 10; Plea Agreement, ECF No. 12. As part of the guilty

plea, the Defendant agreed to a forfeiture money judgment in the amount of $3,058,441 in United States currency. *See* Plea Agreement ¶ 17.

3. In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 11.

## II. MEMORANDUM OF LAW

### A. Directly Forfeitable Property

Any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of a federal health care offense is subject to forfeiture. 18 U.S.C. § 982(a)(7).

In a health care fraud case, gross proceeds constitute the entire amount received by a defendant as a result of the fraudulent scheme. *See United States v. Hoffman-Vaile*, 568 F.3d 1335, 1344-46 (11th Cir. 2009) (upholding forfeiture money judgment that included not only Medicare reimbursements but also sums paid by private insurance companies and patients because "but for [the defendant's] Medicare fraud, she would not have been entitled to collect these sums from the companies and patients").

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence. *See* 18 U.S.C. § 982(a)(7). Criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). Upon finding that property is subject to forfeiture by a preponderance, the Court:

> …must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in

>    the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

See Fed. R. Crim. P. 32.2(b)(2)(A).

**B.      Forfeiture Money Judgments**

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A); *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). The forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." *See* Fed. R. Crim. P. 32.2(b)(4)(A). No ancillary proceeding is required when forfeiture consists solely of a money judgment. *See* Fed. R. Crim. P. 32.2(c)(1). As additional property is identified to satisfy the forfeiture money judgment, the Court must order the forfeiture of such property. *See* Fed. R. Crim. P. 32.2(e)(1) ("[T]he court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or . . . is substitute property . . . ."); *see also* Fed. R. Crim. P. 32.2(b)(2)(C).

The amount of the money judgment should represent the full sum of directly forfeitable property, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule). The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P.

32.2(b)(1)(B). The Court in imposing a forfeiture money judgment may rely on an agent's reliable hearsay. *See United States v. Stathakis*, 2008 WL 413782, at *14 n.2 (E.D.N.Y. Feb. 13, 2008).

As set forth in the Factual Proffer, the Defendant, along with his co-conspirators, owned and operated Xpresso Pharmacy and BOH Pharmacy that were used to defraud Medicare. *See* Factual Proffer, ECF No. 11 at 2. Medicare paid $6,116,882.00 in U.S. currency as a result of false and fraudulent claims submitted between January 2019 and June 2021 by Xpresso Pharmacy and BOH Pharmacy. *Id.* As set forth in the declaration submitted by FBI Special Agent Eric Petersen, the Defendant had a 50% ownership interest in Xpresso Pharmacy and BOH Pharmacy, receiving 50% or $3,058,441.00 of the $6,116,882.00 that Medicare paid out to Xpresso Pharmacy and BOH Pharmacy. *See* SA Petersen, Decl. attached hereto and incorporated herein.

Based on the record in this case, the total value of the gross proceeds traceable to the offense of conviction is $3,058,441.00, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against the Defendant; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

WHEREFORE, pursuant to 18 U.S.C. § 982(a)(7), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with defense counsel via e-mails on October 5, 2022, and October 6, 2022, and there is no objection to the relief sought.

          Respectfully submitted,

          JUAN ANTONIO GONZALEZ
          UNITED STATES ATTORNEY

          */s/ William T. Zloch*
By:  WILLIAM T. ZLOCH
      ASSISTANT UNITED STATES ATTORNEY
      Florida Bar No. 0105619
      United States Attorney's Office
      500 S. Australian Ave. Suite 400
      West Palm Beach, FL 33401
      Telephone: (561) 820-8711
      Facsimile: (561) 820-8777
      william.zloch@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that October 6, 2022, I electronically filed the foregoing Motion for the entry of a Preliminary Order of Forfeiture with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

          */s/ William T. Zloch*
          William T. Zloch
          Assistant U.S. Attorney